**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICO L. REAVES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-1642** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN BETTI,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.  BACKGROUND**

Plaintiff, Mico L. Reaves, an inmate formerly confined at the Lackawanna County Prison, Scranton, Pennsylvania[1], filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of two alleged instances where his legal mail was opened outside of his presence. Id. The named Defendants are the following Lackawanna County Prison employees: Warden Betti, Deputy Warden Shanley and Correctional Officer Esposito. Id.

Presently before the Court are Defendants' motion for judgment on the pleadings. (Doc. 17). To date, no brief in opposition has been filed. For the

---

[1] Plaintiff is currently housed in the State Correctional Institution, Camp Hill, Pennsylvania.

reasons that follow, the Court will grant Defendant's motion for judgment on the pleadings.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff's compliant states in toto:

I filed a grievance on 7/24/2020 because my legal mail coming from the Courthouse was opened outside of my presence. According to Federal law (28 CFR Sec. 540.19) any and all legal mail must be opened in the presence of an inmate or intended party. Corrections Officer Michael Esposito was delivering mail on 7/24/2020 at or between 7:30 pm & 7:45 pm, when he walked to my cell door held an envelope in the air signaling he had mail for me, he then removed the piece of mail and dropped it on the floor and slid it under the door. I didn't know the mail was legal mail because the back of the mail was being displayed to me until I unfolded the piece of mail and saw it was from my lawyer. I also wrote the postmaster on this and when the letter came back the mail C/O Michael Esposito saw the response and said to my celly and I "See, this says we can do what the fuck we want with your mail." Michael Esposito also opened my legal mail again on 8/31/2020 from the Human Rights Defense Center as well. Michael Esposito shows no respect for the Federal law.

Special rules apply to mail between you and your attorney, and to mail you send to non-judicial government bodies or officials. This mail is called "privileged mail," "Legal mail," or "Special mail" and is protected by your constitutional rights of access to the courts, as well as by the "attorney-client privilege." The attorney-client privilege means that the things you write or say to your attorney, or he or she writes or says to you are secret. Prison officials cannot read your legal mail. But they can open it in your presence to inspect for contraband.

- 2 -

(Doc. 1, complaint). For relief, Plaintiff seeks "monetary relief and that the defendants be held responsible for breaking federal law and removed, relieved and terminated from their duties." Id.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Insurance Company, 416 F.3d 214, 220 93d Cir. 2005) (citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." Fed.R.Civ.P. 12(c). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer. Austin Powder Company v. Knorr Contracting, Inc., 2009 WL 773695, at *1 (M.D. Pa. March 20, 2009).

Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to

Rule 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When considering a motion to dismiss, a court shall "accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675 (3d Cir. 2012).

## IV. DISCUSSION

### A. Defendants Warden Betti and Deputy Warden Shanley

Reaves brings his constitutional claims under 42 U.S.C. §1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. §1983. The statute is not a source of substantive rights but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants argue dismissal of Defendants Warden Betti, and Deputy Warden Shanley is appropriate because Plaintiff's complaint does not allege that these Defendants were personally involved in any violation of Reaves' civil rights. (Doc. 18). The Court agrees. The complaint is completely devoid of any allegations against these Defendants.

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). A Defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. Plaintiff's complaint does not make any allegations as to how these Defendants were personally involved in the alleged violations of his rights. Rather, the claims against Defendants Betti and Shanley appear to be based entirely on their role as supervisory officials in the prison, which is insufficient to allege personal involvement. See id. Accordingly, Defendants' motion for judgment on the pleadings will be granted with respect to Defendants Betti and Shanley.

- 5 -

**B. Defendant Correctional Officer Esposito**

Reaves claims that Defendant Esposito incorrectly handled his legal mail on July 24, 2020 and August 16, 2020. (Doc. 1 at 4). The Supreme Court has made clear that prisoners do not surrender all constitutional rights during their confinement, and the Supreme Court has instructed that "federal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84 (1987). The Third Circuit has explained that prisoners "do not forfeit their First Amendment right to use of the mails," particularly with respect to privileged "legal mail" exchanged with counsel, and that a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by* Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997); Taylor v. Oney, 196 F. App'x 126, 128 (3d Cir. 2006) (reaffirming holding in Bieregu that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner.").

In order to state a claim of this sort under the First Amendment, a prisoner must allege that the interference with his legal mail was done according to a "pattern and practice." Jones v. Brown, 461 F.3d 353, 359 (3d

Cir. 2006) ("A state pattern and practice ... of opening legal mail outside the presence of the addressee inmate ... impinges upon the inmate's right to freedom of speech."). A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy." See, e.g., Jones, 461 F.3d at 359 (distinguishing between a "pattern and practice" and an "explicit policy"). Prisoners need not allege or prove any "actual injury" beyond the direct injury to their First Amendment right to use the mails. Taylor, 196 F. App'x at 128.

Notably, courts have found that mere isolated incidents of opening legal mail outside of an inmate's presence, without evidence of an improper motive, is insufficient to establish a First Amendment violation. See, e.g., Nixon v. Sec'y Pa. Dep't of Corr, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation."); Hale v. Pa Dept. of Corr., No. 3:07-cv-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("opening [court mail] outside [prisoner's] presence on two occasions ... does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation ... Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing

more than an assertion of negligence, and is insufficient to establish a constitutional violation."); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (accidental opening of a single piece of legal mail did not give rise to a claim); Beese v. Liebe, 51 F. App'x 979, 981 (7th Cir. 2002) (dismissing First Amendment claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate-plaintiff merely speculated that the prison official intended to do so).

Here, Reaves contends that Defendant Esposito opened his legal mail outside of his presence on two separate occasions in 2020. The opening of legal mail outside of Reaves' presence on two occasions does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation. See Hale, 2010 WL 3791833, at *3; Morales v. Stanton, No. 3:18-CV-0852 (M.D. Pa. Jan. 14, 2019) (opening of legal mail a few times does not plausibly suggest a pattern and practice); Williams v. Lackawanna County Prison, No. 1:13-CV-0849 (M.D. Pa. May 17, 2017) (opening on two occasions does not demonstrate a pattern or practice). Thus, the Court finds that these isolated incidents of opening Reaves' legal mail outside of his presence, is simply insufficient to

establish a constitutional violation. Defendants' motion will be granted on this ground.

### C. **Request for Injunctive Relief**

Reaves is no longer housed in the Lackawanna County Prison. The mootness doctrine recognizes that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see Griffin v. Beard, 401 F. App'x 715 (3d Cir. 2010) (transfer from SCI-Huntingdon renders inmate injunctive relief claim moot).

Reaves seeks injunctive relief in the form of removing Defendants from their positions within the Lackawanna County Prison. (Doc. 1). However, Plaintiff's transfer renders his request for relief moot. Thus, the Plaintiff's request for injunctive relief must be dismissed.

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendants would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for judgment on the pleadings without leave to amend. (Doc. 17). A separate Order shall issue.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 14, 2022**
20-1642-01

- 10 -